# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-cv-62591-BLOOM/Valle

EGLISE BAPTISTE BETHANIE DE
FT. LAUDERDALE, INC., and ANDY
SAINT-REMY,

      Plaintiffs,

v.

SEMINOLE TRIBE OF FLORIDA and
AIDA AUGUSTE,

      Defendants.

_____/

### OMNIBUS ORDER ON PLAINTIFF'S MOTION FOR PERMISSION TO DEPOSE DEFENDANT AIDA AUGUSTE TO PERPETUATE HER TESTIMONY AND PLAINTIFFS' MOTION FOR INJUNCTION PENDING APPEAL

**THIS CAUSE** is before the Court upon Plaintiffs' Motion for Permission to Depose Defendant Aida Auguste to Perpetuate her Testimony Pending the Disposition of Case No. 20-10173, U.S. Court of Appeals for the Eleventh Circuit, ECF No. [57] ("Rule 27 Motion"), and Plaintiffs' Motion for Injunction Pending Appeal, ECF No. [58] ("Injunction Motion") (together, "Motions"). The Court has carefully reviewed the Motions, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motions are denied.

This case involves claims against the Seminole Tribe of Florida and Defendant Auguste arising from a conflict concerning governance of Eglise Baptiste Bethanie De Ft. Lauderdale, Inc. ("Eglise Baptiste") following the death of Pastor Reverend Usler Auguste in 2014. Plaintiffs asserted claims against the Seminole Tribe and Defendant Auguste in eighty-three (83) counts for violations of the Freedom of Access to Clinic Entrances, 18 U.S.C. § 248(a)(2), interference with

business relationships, and trespass. Both the Seminole Tribe and Defendant Auguste requested dismissal of these claims, which the Court granted. In its Omnibus Order, ECF No. [50], the Court determined that it lacks jurisdiction over the Seminole Tribe because it is entitled to tribal sovereign immunity, and that the Court lacks jurisdiction over the claims asserted against Defendant Auguste because they constitute non-justiciable questions of internal church governance. Accordingly, the Court dismissed this case with prejudice and without leave to amend. *See* ECF No. [50]. Plaintiffs filed a notice of appeal, ECF No. [55], and that appeal is currently pending before the Eleventh Circuit.

### A. Rule 27 Motion

Plaintiffs request leave to depose Defendant Auguste "while her memory is fresh" because the current pending appeal "could be lengthy," and an order compelling production of a thumb drive containing video which "would enable Plaintiffs' [counsel] efficiently to interrogate Auguste." *See* ECF No. [57].[1]

Rule 27 authorizes depositions to perpetuate testimony, and specifically provides that "[t]he court where a judgment has been rendered may, if an appeal has been taken or may still be taken, permit a party to depose witnesses to perpetuate their testimony for use in the event of further proceedings in that court." Fed. R. Civ. P. 27(b)(1). Further, "[i]f the court finds that perpetuating the testimony may prevent a failure or delay of justice, the court may permit the depositions to be taken." Fed. R. Civ. P. 27(b)(3). "It appears that the rule is primarily designed to perpetuate testimony in those instances where it appears that the passage of time or the unavailability of witnesses pending the hearing of the appeal and possible new trial would cause

---

[1] The Court notes that Plaintiffs previously requested that the Court compel production of the video file, which request was denied as moot upon the Court's dismissal. *See* ECF No. [50].

injustice." *Cent. Bank of Tampa v. Transam. Ins. Grp.*, 128 F.R.D. 285, 286 (M.D. Fla. 1989)

Upon review, the Rule 27 Motion is due to be denied for at least three reasons. First, as the Court has already determined that it lacks jurisdiction over Plaintiffs' substantive claims, the Court lacks jurisdiction to provide the relief requested by Plaintiffs. Plaintiffs appear to simply ignore this threshold issue. Second, Plaintiffs fail to demonstrate that relief is warranted under Rule 27. The only reason provided for the need to take Defendant Auguste's deposition is that her memory will be fresh. However, that reason alone falls well short of satisfying the Court that allowing the deposition will prevent a failure or delay of justice. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 976 (11th Cir. 1985) (trial court did not err in denying Rule 27(b) motion where movant asserted that the two witnesses whose depositions were sought "were not immune from the uncertainties of life (and death)") (quotations omitted).[2] Moreover, Rule 27 contains no provision for compelling the production of documents or things that would permit the Court to order production of the requested video file. Finally, although Plaintiffs cite to the text of Rule 27 as support for their request, simply citing a rule or statute without supporting case law is insufficient to satisfy Plaintiffs' burden of demonstrating that they are entitled to the relief requested. *See Melford v. Kahane & Assocs.*, 371 F. Supp. 3d 1116, 1126 n.4 (S.D. Fla. 2019) ("Generally, a litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him.") (internal quotations and citation omitted).

### B. Injunction Motion

Plaintiffs request that the Court issue an injunction pending appeal based upon an

---

[2] Plaintiffs' counsel should be well aware of the necessary showing under Rule 27 and *Lombard*, since he served as appellant's counsel in that case.

incorporation by reference of the arguments advanced in their previous motion, ECF No. [36] ("Initial Motion"), which was denied as moot when the Court dismissed this case. Upon review, the Injunction Motion fairs no better than the Rule 27 Motion for many of the same reasons.

First, the Court lacks jurisdiction over Plaintiffs' substantive claims and Plaintiffs provide no basis for jurisdiction over their request for an injunction. Second, even if the Court had jurisdiction to provide the relief requested, Plaintiffs fail to satisfy their burden in demonstrating that they are entitled to such relief. A movant must prove four factors in order to establish that a preliminary injunction is appropriate: (1) "a substantial likelihood of success on the merits," (2) "that the preliminary injunction is necessary to prevent irreparable injury," (3) "that the threatened injury outweighs the harm the preliminary injunction would cause the other litigant," and (4) "that the preliminary injunction would not be averse to the public interest." *Chavez v. Fla. SP Warden*, 742 F.3d 1267, 1271 (11th Cir. 2014) (citing *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001)). The Initial Motion, like the Injunction Motion, is entirely insufficient, providing no argument or facts to support any of the four factors for the Court's consideration. Accordingly, Plaintiffs' request for an injunction is due to be denied.

## C. Sanctions

Defendant Auguste requests that the Court award sanctions against Plaintiffs' counsel under 28 U.S.C. § 1927 (with respect to both Motions) and Rule 37 (with respect to the Rule 27 Motion), or at least issue a warning to counsel that future unreasonable or vexatious conduct will warrant sanctions. Plaintiffs have provided no response to Defendant Auguste's request or arguments in support. The Court considers each basis for sanctions in turn.

Rule 37 provides in pertinent part that, "[i]f the motion [to compel] is denied, the court . . . **must**, after giving an opportunity to be heard, require the movant, the attorney filing the

motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B) (emphasis added). However, "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id*.

Here, Plaintiffs' request to compel production of the video file was not substantially justified. Plaintiffs cited no basis upon which they would be entitled to such production and made no attempt to justify their request, other than that the video would be helpful in preparation for Defendant Auguste's proposed deposition. In addition, Plaintiffs had the opportunity to respond to Defendant Auguste's request for sanctions, but failed to do so. Even so, the Rule 27 Motion's primary purpose was to obtain leave of court to depose Defendant Auguste, and therefore cannot be viewed in its entirety as a motion to compel subject to Rule 37. Accordingly, Defendant Auguste is entitled to recover 50% of the expenses, including attorney's fees, incurred by her counsel in responding to the Rule 27 Motion.

28 U.S.C. § 1927 provides that

> [a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

"To impose sanctions under this statute: (1) the attorney must engage in unreasonable and vexatious conduct; (2) that conduct must multiply the proceedings; and (3) the amount of the sanction must bear a financial nexus to the excess proceedings." *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997). The imposition of sanctions under this statute "turns on the attorney's objective conduct as compared to how a reasonable attorney would have acted under the circumstances." *Taverna Imports, Inc. v. A&M Wine & Spirits, Inc.*, No. 15-24198-CIV-

LENARD/GOODMAN, 2018 WL 3611405, at *9 (S.D. Fla. July 27, 2018) (citing *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1282 (11th Cir. 2010)). The standard to apply when considering 28 U.S.C. § 1927 sanctions is "objective bad faith." *In re Engle Cases*, 283 F. Supp. 3d 1174, 1214 (M.D. Fla. 2017). "Objective bad faith arises where an attorney 'knowingly or recklessly pursue[s] a frivolous claim or needlessly obstruct[s] the litigation of a non-frivolous claim.'" *Id.* (citation omitted). "Objectively reckless conduct is sufficient to justify sanctions under § 1927 even if the attorney does not act knowingly and malevolently." *Taverna Imports, Inc.*, 2018 WL 3611405, at *9. The objective bad faith standard ensures "that only egregious misconduct will be penalized . . . ." *In re Engle Cases*, 283 F. Supp. 3d at 1214.

Here, the Court believes that sanctions under § 1927 are not warranted because, while ill-advised, Plaintiffs' counsel's conduct is not sufficiently egregious to base a finding of objective bad faith. However, the Court will take this opportunity to remind Plaintiffs' counsel that under Rule 11 of the Federal Rules of Civil Procedure, in presenting materials to the Court, counsel is certifying that the filing "is not being presented for any improper purpose . . . [and that] the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]"

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motions, **ECF Nos. [57], [58]**, are **DENIED**. Defendant Auguste's request for sanctions is granted in part, and she shall be entitled to recover from Plaintiffs' counsel 50% of the expenses, including attorney's fees, incurred by her counsel in responding to the Rule 27 Motion. Defendant's counsel shall submit an affidavit providing an itemized list of the amount sought within fourteen (14) days of the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 24, 2020.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record